IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02887-PAB

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

NICHOLAS TRIMBLE,
CAPSTONE QUANTITATIVE ANALYSIS, INC., and
BEEKEEPERS FUND CAPITAL MANAGEMENT, LLC,

    Defendants.

---

**STATUTORY RESTRAINING ORDER ON *EX PARTE* RECORD**

---

This matter comes before the Court on plaintiff U.S. Commodity Futures Trading Commission's Motion for *Ex-Parte* Statutory Restraining Order ("Motion") [Docket No. 2], Memorandum in Support of Plaintiff's Motion, and accompanying Appendix of Declarations and Exhibits [Docket No. 5].

**A.  Findings**

Upon review of the motion, declarations, and exhibits, the Court makes the following findings:

    1.    This Court has jurisdiction over this action pursuant to 7 U.S.C. § 13a-1 (2008), which authorizes the Commission to seek injunctive relief against any person or entity whenever it shall appear to the Commission that such person or entity has engaged, is engaging, or is about to engage in any act or practice constituting a

violation of any provision of the Commodity Exchange Act (the "Act") or any rule, regulation, or order thereunder.

2. The Commission has jurisdiction over defendants' foreign currency ("forex") contracts because the transactions were offered to and entered into with a person that is not an eligible contract participant ("ECP"). 7 U.S.C. § 2(c)(2)(C)(i)(I). ECPs are defined in 7 U.S.C. § 1a(12). The threshold necessary to be an ECP is combined net worth of $5,000,000 for a commodity pool or an organization with assets exceeding $10,000,000. None of defendants meet this threshold. Additionally, the transactions alleged in the complaint did not result in actual delivery within two days or otherwise create an enforceable obligation to make or take delivery in connection with the parties' line of business, and neither the counterparty to the transactions nor defendants are one of certain enumerated persons pursuant to 7 U.S.C. § 2(c)(2)(C)(i), (ii).

3. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e) (2008) in that plaintiff alleges that Nicholas Trimble ("Trimble"), Capstone Quantitative Analysis, Inc. ("Capstone"), and Beekeepers Fund Capital Management, LLC ("BKFCM") transacted business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

4. Section 6c of the Commodity Exchange Act ("Act"), 7 U.S.C. § 13a-1, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008) ("CRA") §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall

Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.,* authorizes this Court to enter an *ex parte* statutory restraining order against defendants.

     5.     The Commodity Futures Trading Commission ("CFTC") has made a sufficient showing of likelihood of success on the merits. Plaintiff has alleged that defendants have willfully misrepresented or omitted information that a reasonable investor would consider substantially material when making an investment in violation of Section 4b(a)(2)(A)-(C) of the Act as amended by the CRA, 7 U.S.C. §§ 6b(a)(2)(A)-(C). *See CFTC v. R.J. Fitzgerald & Co., Inc.*, 310 F.3d 1321, 1328 (11th Cir. 2002). Additionally, plaintiff has shown that defendant Nicholas Trimble's alleged fraud, as described above, occurred within the course and scope of his employment and as sole director of Capstone and BKFCM. Therefore, plaintiff has shown a likelihood of proving that defendants are liable pursuant to 7 U.S.C. § 2(a)(1)(B) and Regulation 1.2, 17 C.F.R. § 1.2.

     6.   Plaintiff has made a sufficient showing that investors are likely to face irreparable harm. To satisfy the irreparable harm requirement, a plaintiff must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003). Here, plaintiff has made a sufficient showing that defendants have engaged, are engaging, or about to engage in acts and practices in violation of the Act and Commission regulations. The totality of the circumstances establish that, unless temporarily restrained and enjoined by this Court,

there is a reasonable likelihood that defendants will continue to engage in acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and regulations. Such dissipation of investor funds and assets would constitute irreparable harm to investors. Moreover, plaintiff has made a sufficient showing that *ex parte* relief is required to prevent possible removal or destruction of potential evidence or other impediments to legitimate law enforcement activities and to prohibit movement or disposal of funds, assets, and other property which may be subject to lawful claims of customers. *See CFTC v. Clothier*, 788 F. Supp. 490, 491 (D. Kan. 1992).

7.  Plaintiff has made a sufficient showing that the balance of equities tips in favor of plaintiff. Plaintiff alleges that a temporary restraining order is necessary to preserve the status quo. Without a temporary restraining order, defendants could dissipate, conceal, or transfer from the jurisdiction assets which could be subject to an order directing disgorgement or payment of civil penalties. Moreover, unless restrained, defendants may continue to accept funds from investors.

8.  Plaintiff has made a sufficient showing that the public interest weighs in favor of granting a temporary restraining order. The public has a substantial interest in the efficient regulation of commodities markets. The CTFC has demonstrated a showing that defendants have participated in foreign currency trades without valid registration and defendants have acted as unregistered brokers.

**B.  Definitions**

For the purposes of this Order, the following definitions apply:

9. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, securities, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

10. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

11. "Defendants" means Nicholas Trimble, Capstone Quantitative Analysis, Inc., and Beekeepers Fund Capital Management, LLC.

Wherefore, it is

**ORDERED** that Plaintiff's Motion for *Ex-Parte* Statutory Restraining Order [Docket No. 2] is **GRANTED**.  It is further

**ORDERED** that defendants, and any person, including officers, agents, servants, employers or attorneys, acting in concert or participation with defendants and who receives actual notice of this Order, are restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise

disposing of any funds, assets or other property of the defendants, wherever located, including funds, property, or assets held outside the United States, except as ordered by the Court, and including the following:

- A. Account number xxxxxx5496 in the name of Nicholas Trimble at TCF Bank located in Denver, Colorado;

- B. Account number xxxxxxxx2637 in the name of Jessica Giess, now known as Jessica Trimble, at U.S. Bank located in Denver, Colorado;

- C. Account number xxxxx4732 in the name of Capstone Quantitative Analysis, Inc. at Bank of the West located in Denver, Colorado;

- D. Account number xxxxx3181 in the name of Capstone Quantitative Analysis, Inc. at JPMorgan Chase located in Denver, Colorado;

- E. Account number xxxxx2632 in the name of High Country Hedge, LLC at JPMorgan Chase located in Denver, Colorado;

- F. Account number xxxxx8643 in the name of Beekeepers Fund, L.P. at JPMorgan Chase located in Denver, Colorado;

- G. Account number xxxxx2830 in the name of Beekeepers Fund Capital Management, LLC at JPMorgan Chase located in Denver, Colorado;

- H. All accounts in the name of Beekeepers Fund, L.P., at MIG Bank located in Neuchatel, Switzerland;

- I. All accounts in the name of Nicholas Trimble at OSIRIS FX located in Tortola, British Virgin Islands;

- J. All accounts in the name of Beekeepers Fund, L.P. at OSIRIS FX located in Tortola, British Virgin Islands; and

- K. All accounts in the name of Capstone Quantitative Analysis, Inc. at OSIRIS FX located in Tortola, British Virgin Islands.

The assets affected by this paragraph include existing assets and assets acquired by defendants after the effective date of this Order, as well as accounts not specifically identified above. It is further

**ORDERED** that any firm, bank, financial or brokerage institution, futures commission merchant, corporation, partnership, association or other person or entity, which holds, controls, or maintains custody of any funds, securities, assets or other property of any kind of defendants, or has held, controlled, or maintained custody of any funds, securities, assets or other property of defendants, and who receives notice of this Order by any means, including personal service, facsimile, electronic mail, United Parcel Service and Federal Express or other commercial overnight service, shall:

- A. Prohibit defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such assets except as directed by further order of the Court;

- B. Deny defendants and any other person access to any safe deposit box that is:

    1. titled in the name of or maintained by defendants, either individually, jointly or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of defendants; and/or

    2. otherwise subject to the control of or access by defendants;

- C. For any funds, securities or assets held pursuant to this Order in the name of the defendants, to maintain fixed values, convert all balances into U.S. dollars using the exchange rate in effect as of the date of this Order; and

- D. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to defendants' accounts and defendants' businesses.

It is further

**ORDERED** that defendants and all persons or entities who receive notice of this Order by any means, including personal service, facsimile, electronic mail, United Parcel Service and Federal Express or other commercial overnight service, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of defendants.  It is further

**ORDERED** that defendants, and any person, including officers, agents, servants, employers or attorneys, acting in concert or participation with defendants and who receives actual notice of this Order, shall allow the CFTC to inspect books, records, and other documents of defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.  It is further

**ORDERED** that this Order shall remain in full force and effect until resolution of Plaintiff's Motion for Preliminary Injunction [Docket No. 3].

DATED November 8, 2011.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge