IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02887–PAB–KMT

U.S. COMMODITY FUTURES TRADING COMMISSION,

      Plaintiff,

v.

NICHOLAS TRIMBLE,
CAPSTONE QUANTITATIVE ANALYSIS, INC., and
BEEKEEPERS FUND CAPITAL MANAGEMENT, LLC,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on James Harvey's ("Harvey") "Renewed Motion to Intervene" (Doc. No. 53, filed July 31, 2012 ["Renewed Motion"]).  Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") submitted its response as part of "Plaintiff's Opposition to James Harvey's Renewed Motion to Intervene and Motion to Modify Plaintiff's Proposed Order for Entry of Final Judgment by Default, Order for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief" (Doc. No. 55, filed August 8, 2012 ["Response"]), and "James Harvey's Reply in Support of His Renewed Motion to Intervene" was filed on August 20, 2012 (Doc. No. 58 ["Reply"]).  The issues are ripe for review and recommendation.

## PROCEDURAL BACKGROUND

On November 7, 2011, Plaintiff CFTC filed a complaint (Doc. No. 1) alleging, among other things, that from at least July 2009 through August 2010, Defendants Nicholas Trimble ("Trimble"), individually, and as a controlling person of Capstone FX Quantitative Analysis, Inc. ("Capstone") and Beekeepers Fund Capital Management, LLC ("BKFCM"), fraudulently solicited and accepted at least $717,000 from four members of the public for the purported purpose of trading off-exchange foreign currency contracts ("forex") through a fund known as Beekeepers Fund L.P. ("BFK" or "the fund") and instead of investing all of the monies Defendants accepted for that purpose, misappropriated at least $36,000 for Trimble's personal use in violation of Section 4b(a)(2)(A) and (C) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), codified at 7 U.S.C. § 6b(a)(2)(A), (C).

Plaintiff CFTC also filed its "Motion for Ex Parte Statutory Restraining Order" (Doc. No. 2), "Motion for Preliminary Injunction" (Doc. No. 3) and memorandum in support thereof (Doc. No. 5). District Judge Philip A. Brimmer entered a "Statutory Restraining Order on *Ex Parte* Record" ("SRO") against Defendants. (Doc. No. 8.) On January 31, 2012, the CFTC filed an application for entry of default with the Clerk of Court against defendants BKFCM and

2

Capstone, based on their failure to appear, answer or otherwise plead to the Complaint, which the Clerk of the Court entered on February 3, 2012.  (Doc. No. 26.)  On March 7, 2012, the CFTC filed a Motion for Entry of Final Judgment by Default against BKFCM and Capstone, Order for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief and submitted a Proposed Order for Entry of Final Judgment by Default, Order for Permanent Injunction, Civil Monetary Penalties and Other Equitable Relief against Defendants BKFCM and Capstone ("Proposed Order").  (Doc. Nos. 34, 34-1, 34-2.)

On March 19, 2012, Harvey filed a "Motion to Intervene" (Doc. No. 35 ["First Motion"]) pursuant to Fed. R. Civ. P. 24(a) and (b) for the purpose of modifying the Proposed Order claiming that the CFTC's Proposed Order ". . . if granted by the Court, could be construed to affect the interests of Mr. Harvey, because the Order is directed at BKFCM and Mr. Harvey is a member of BKFCM."  (Doc. No. 35 ¶2.)  In his First Motion, Harvey asserted that he was entitled to intervention of right in this matter pursuant to Fed. R. Civ. P. 24(a) based upon his interest in BKFCM as a member of the LLC, and, in the alternative, that he met the test for permissive intervention under Fed. R. Civ. P. 24(b).

The court denied Harvey's First Motion without prejudice in a Minute Order on June 20, 2012 (Doc. No. 51), for failing to comply with Fed. R. Civ. P. 24(c), which requires that "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Harvey subsequently filed his Renewed Motion.

Again, Harvey fails to comply with Fed. R. Civ. P. 24(c).  The purpose of the rule requiring the motion to be accompanied by a pleading setting forth the claim or defense is "to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted."  *Miami Cnty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941).  "A pleading is narrowly defined as only one of the following: '(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.'" *Federal Trade Comm'n v. Dalbey*, No. 11–cv–01396–RBJ–KLM, 2012 WL 32927, at *3 (D. Colo. January 5, 2012) (quoting Fed. R. Civ. P. 7(a)).  The failure to attach a pleading can be fatally defective and the Renewed Motion could properly be denied on that ground alone.  *See Shell v. Henderson*, No. 09–cv–00309–MSK–KMT, 2010 WL 2802651, at *1 (D. Colo. July 15, 2010). However, in the interest of judicial economy, the court elects instead to address Harvey's arguments in favor of his proposed intervention as raised in the Renewed Motion and Reply, and concludes that the Renewed Motion should nevertheless be denied.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the court must permit intervention as of right to anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).  "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Encina v. Heat and Control, Inc.*, No. 10–cv–02156–PAB–KMT, 2011 WL 662781, *1 (D. Colo. Feb. 11, 2011) (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The decision whether or not to grant a motion for permissive intervention is within the district court's sound discretion.  *City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).  In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

**ANALYSIS**

*A.      Intervention as a Matter of Right*

Harvey's request to intervene is properly focused on the second element of the

intervention test, in which an applicant must show that his interest in the property or transaction

at issue is "direct, substantial, and legally protectable." *Coalition of Arizona/New Mexico*

*Counties v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996) (citations omitted).  The

"interest" inquiry is highly fact-specific and is "primarily a practical guide to disposing of

lawsuits by involving as many apparently concerned persons as is compatible with efficiency

and due process." *WildEarth Guardians v. National Park Service*, 604 F.3d 1192, 1198 (10th

Cir. 2010).  The movant's claimed interest is measured in terms of its relationship to the property

or transaction that is the subject of the action, not in terms of the particular issue before the

district court. *Id.*; *see also Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1252 (10th Cir.

2001).  "At minimum, the applicant must have an interest that could be adversely affected by the

litigation," *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1392 (10th Cir. 2009), and a

threat of economic injury from the outcome of the litigation may suffice as a requisite interest

under Rule 24(a). *Id.* at 1393 (citing *WildEarth Guardians v. United States Forest Serv.*, 573

F.3d 992, 996 (10th Cir. 2009)).

The interest Harvey points to is the possibility that the Proposed Order could be

construed as directed at him. (*See* Renewed Motion ¶ 7; Reply ¶ 4.)  Harvey is indeed

referenced in the Proposed Order's "Findings of Fact" as having some involvement with

Trimble. (*See* Doc. No. 34-2 at 6-7.)  Although stated only generally that the Proposed Order

6

could be construed to be "adverse" to his interests, (*see* Reply ¶ 5), Plaintiff's Response hones in

on what is more likely the true concern: the possibility that Harvey may be pursued, by virtue of

his role as a member of BKFCM, to satisfy the judgment the Proposed Order would render

against BKFCM.  (*See* Response at 5.)

      "It is a fundamental rule of civil procedure that one who was not a party to an action is

not bound by the judgment."  *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008).  The judgment

embodied in the Proposed Order lies against BKFCM, as a limited liability company, not Harvey

personally.  (*See* Doc. No. 34-2 ¶ 21.)  In fact, the only individual to be named personally in the

lawsuit is Trimble.  Thus, in the event Harvey's intervention is denied and Plaintiff (or someone

else) sought to enforce the BKFCM judgment against Harvey individually, a separate lawsuit

would be required, in which the prosecuting party would be required to assert offensive

collateral estoppel.  The Tenth Circuit has recognized that due process is implicated in such

situations; however, before an adverse judgment could be conclusive on a nonparty, the plaintiff

would be required to show that the nonparty participated in the litigation and asserted control

over the litigation.  *Ponderosa Development Corp. v. Bjordahl*, 787 F.2d 533, 536 (10th Cir.

1986).  At this point, this court does not find that Harvey asserted any significant control over

the litigation in the present case due to his tangential involvement, and in fact only participated

in the litigation to the extent he sought intervention to amend the proposed order to show his

non-participation.

      Further, the economic injury that can suffice as a substantial interest in some cases is

inapposite in Harvey's context because such an injury is more often realized in the situation

where a pool of resources is at risk of being depleted, and the potential intervenor hopes not to be left out. *See*, *e.g.*, *United States v. Wagner*, No. 07–cv–00978–MSK–KMT, 2011 WL 2415384 (D. Colo. June 16, 2011). Harvey is instead seeking to specifically insulate himself from personal liability, and is not claiming a share in any of BKFCM's funds.  Thus, he does not have a cognizable property interest in the litigation.  Nor does he have a less tangible, but still legally protectable, interest akin to environmental concern or the enforcement of an agency rule. *See WildEarth Guardians*, 604 F.3d at 1198.  At bottom, Harvey's mere speculation on potential personal liability is an interest "that is remote from the subject matter of the proceeding," and one that is "contingent upon the occurrence of a sequence of events before it becomes colorable." *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

Taken together, the reasons above compel the conclusion that Harvey does not have a "direct" or "substantial" interest to protect in the present litigation.  Thus, Harvey's Renewed Motion must fail on that prong alone.  Moreover, where no interest can be established, it logically follows that there is no direct, substantial or legally protectable interest that could be impaired or impeded.  *See S.E.C. v. Regions Bank*, 2010 WL 3632769, *2 (S.D. Fla. Sept. 1, 2010) (citing *Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982)).  Accordingly, Harvey's request to intervene as a matter of right should be denied.

**B.**     ***Permissive Intervention***

The court also considers whether permissive intervention under Federal Rule of Civil Procedure 24(b) should be allowed.  Permissive intervention requires a petitioner to show a

8

claim or defense that shares a common question of law or fact with the main action.  Fed. R. Civ. P. 24(b).  Harvey has not made a showing of such a common question.  Even if such a threshold showing is made, the court may look to "whether the would-be intervenor's input adds value to the existing litigation."  *Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 691 (D. Colo. 2008).  Harvey seeks only to alter the Proposed Order to specifically disclaim his personal liability.  Since there has been no assertion of liability against him, his presence in this case lends nothing to the litigation.  Nor does he seek to intervene for the purposes of aiding BKFCM's defense.  Harvey's intervention would simply delay the process unnecessarily.  Accordingly, Harvey's request to permissively intervene should be denied.

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that James Harvey's "Renewed Motion to Intervene" (Doc. No. 53) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 2nd day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge